UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------

| | : | |
|---|---|---|
| THE LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK, | : | 08-CV-699 (TCP) (WDW) |
| Plaintiff, | : | |
| v. | : | **THIRD-PARTY PLAINTIFF'S ANSWER TO AMENDED COUNTERCLAIM OF THIRD-PARTY DEFENDANTS STAMFORD GROUP, INC.; STAMFORD PORTFOLIO MANAGEMENT, LLC; STAMFORD INSTITUTIONAL FUND 2005A, LLC** |
| H. THOMAS MORAN, II, Court-Appointed Receiver of LYDIA CAPITAL, LLC, | : | |
| Defendant/Third-Party Plaintiff, | : | |
| v. | : | DOCUMENT ELECTRONICALLY FILED |
| HELEN GISONNI; EVE-LYNN GISONNI; ZALMAN SILBER, SBH PROGRAMS, LLC; SBH FINANCIAL; FREDERICK SCHULMAN; SILBER FAMILY FOUNDATION; STAMFORD INSTITUTIONAL FUND 2005A, LLC; STAMFORD PORTFOLIO MANAGEMENT, LLC; THE STAMFORD GROUP, INC.; ARGYLE EQUITY, INC.; DUDZIC LAW FIRM, LLC; INTERNATIONAL PARTNERS FOR LIFE CORPORATION; | : | |
| Third-Party Defendants. | : | |

-------------------------------------------------------------

Defendant, H. Thomas Moran, II, Court-Appointed Receiver of Lydia Capital, LLC, ("Moran") for his Answer to the Amended Counterclaim (Doc. 113) of Third-Party Defendants Stamford Institutional Fund 2005A, LLC, Stamford Portfolio Management, LLC and The Stamford Group, Inc. (referred to collectively as "Stamford "), avers and states as follows:

1. In response to paragraph 1 of the Amended Counterclaim, Moran realleges and incorporates by reference the allegations set forth in Moran's Amended Third-Party Complaint, as if full set forth herein.

2. In regard to paragraph 2 of the Amended Counterclaim, Moran admits that Stamford Institutional Fund 2005A, LLC and Lydia Capital Alternative Investment Fund, LP were parties to an Operating Agreement dated July 20, 2006 .

3. Moran is without sufficient information to admit or deny the allegations set forth in paragraph 3; therefore, allegations are denied.

4. Moran is without sufficient information to admit or deny the allegations set forth in paragraph 4; therefore, allegations are denied.

5. With respect to paragraph 5 of the Amended Counterclaim, the Operating Agreement speaks for itself.  Moran denies, however, that Stamford is entitled to recover under any provision of the Operating Agreement.

6. Moran is without sufficient information to admit or deny the allegations set forth in paragraph 6 therefore, allegations are denied.

7. Moran admits the allegations set forth in paragraph 7 of the Amended Counterclaim.

8. Moran admits the allegations set forth in paragraph 8 of the Amended Counterclaim.

9. Moran admits the allegations set forth in paragraph 9 of the Amended Counterclaim.

10. Moran denies the allegations set forth in paragraph 10 of the Amended Counterclaim.

11. Moran denies the allegations set forth in paragraph 11 of the Amended Counterclaim.

12. Moran admits the allegations set forth in paragraph 12 of the Amended Counterclaim.

13. In response to paragraph 13 of the Amended Counterclaim, Moran admits that Stamford issued a letter demanding payment. Moran denies, however, that Stamford was, or is, entitled to the amount demanded.

14. Moran denies the allegations set forth in paragraph 14 of the Amended Counterclaim.

15. Moran denies the allegations set forth in paragraph 15 of the Amended Counterclaim.

16. In response to paragraph 16 of the Amended Counterclaim, Moran realleges and incorporates by reference his responses to paragraphs 1 through 15 of the Amended Counterclaim, as if fully set forth herein.

17. Moran denies the allegations set forth in paragraph 17 of the Amended Counterclaim.

18. Moran denies the allegations set forth in paragraph 18 of the Amended Counterclaim.

## **AFFIRMATIVE DEFENSES**

For its affirmative defenses to the Amended Counterclaim, Moran realleges and incorporates the foregoing allegations of this Answer, as if fully set forth herein, and further states:

3

## FIRST AFFIRMATIVE DEFENSE

Stamford's Amended Counterclaim should be dismissed for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

Stamford has failed to meet and fully comply with all conditions precedent to seek payment or recovery from Moran.

## THIRD AFFIRMATIVE DEFENSE

Stamford's claims are barred by the doctrine of accord and satisfaction.

## FOURTH AFFIRMATIVE DEFENSE

Stamford's claims are barred by the doctrines of waiver and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Moran is entitled to setoffs and offsets for any damages sustained by it in an amount of at least Three Hundred Thirty-Nine Thousand One Hundred-Six & 00/100 ($339,106.00) Dollars for which Stamford are responsible.

## SIXTH AFFIRMATIVE DEFENSE

Stamford has failed to mitigate its damages.

Respectfully submitted,

PHILLIPS MURRAH P.C.

By: *s/Shannon K. Emmons*
    Shannon K. Emmons, OK Bar No. 14272
    Melvin R. McVay, Jr., OK Bar No. 06096
    Douglas M. Todd, OK Bar No. 15378
    Corporate Tower / Thirteenth Floor
    101 North Robinson
    Oklahoma City, Oklahoma 73102
    Telephone:   (405) 235-4100
    Facsimile:   (405) 235-4133
    Email:   skemmons@phillipsurrahl.com
             mrmcvay@phillipsmurrah.com
             dmtodd@phillipsmurrah.com

***Attorneys for Defendant H. Thomas Moran, II, Court-Appointed Receiver of Lydia Capital, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September 2009, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Thuy T. Bui<br>***Attorney for Plaintiff***<br>***The Lincoln National Life Insurance Company*** | thuy.bui@dbr.com |
| Justin C. Frankel<br>***Attorney for Eve-Lynn Gisonni*** | jcf@frankelnewfield.com |
| Ira S. Lipsius<br>***Attorney for Zalman Silber, Frederick Schulman*** | iral@sfl-legal.com |
| Nolan Edward Shanahan<br>Karl E. Robinson<br>***Attorney for SBH Programs, LLC, SBH Financial*** | nshanahan@coleschotz.com<br>krobinson@winthrop.com |
| Joseph N. Campolo<br>***Attorney for Stamford Institutional Fund 2005A, LL,; Stamford Portfolio Management, LLC, and The Stamford Group, Inc.*** | jcampolo@cmnallp.com |
| A. John P. Mancini<br>***Attorney for Dudzic Law Firm, LLC and Argyle Equity, Inc.*** | jmancini@mayerbrown.com |
| Thomas M. Smith<br>***Attorney for International Partners For Life Corporation*** | tsmith@kknylaw.com |

*s/ Shannon K. Emmons*

I also hereby certify that on this 16th of September 2009, I served the foregoing via electronic transmission to the following:

Jason P. Gosselin, Esq.
Jarrod D. Shaw, Esq.
Heath M. Lynch, Esq.
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
Jason.gosselin@dbr.com
Jarrod.shaw@dbr.com
Heath.lynch@dbr.com

***Attorney for Plaintiff***
***The Lincoln National Life Insurance Company***

*s/ Shannon K. Emmons*