UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THE LINCOLN LIFE & ANNUITY
COMPANY OF NEW YORK,

      Plaintiff,

         v.

H. THOMAS MORAN, II, Court-Appointed
Receiver of LYDIA CAPITAL, LLC,

      Defendant/Third-Party Plaintiff,

         v.

HELEN GISONNI; EVE-LYNN GISONNI;
ZALMAN SILBER, SBH PROGRAMS, LLC;
SBH FINANCIAL; FREDERICK SCHULMAN;
SILBER FAMILY FOUNDATION;
STAMFORD INSTITUTIONAL FUND 2005A,
LLC; STAMFORD PORTFOLIO
MANAGEMENT, LLC; THE STAMFORD
GROUP, INC.; ARGYLE EQUITY, INC.;
DUDZIC LAW FIRM, LLC; and
INTERNATIONAL PARTNERS FOR LIFE
CORPORATION

      Third-Party Defendants.

Case No. 08-CV-699

**THIRD-PARTY DEFENDANTS
ARGYLE EQUITY, INC. and DUDZIC
LAW FIRM, LLC' S ANSWER TO
THIRD-PARTY DEFENDANTS
STAMFORD INSTITUTIONAL FUND
2005A, LLC, STAMFORD PORTFOLIO
MANAGEMENT, LLC, AND THE
STAMFORD GROUP, INC.'S CROSS-
CLAIMS**

      Third-Party Defendants Argyle Equity, Inc. ("Argyle") and Dudzic Law Firm, LLC

("Dudzic") by its attorneys, Mayer Brown LLP, for its Answer to the cross-claims asserted by

Third-Party Defendants Stamford Institutional Fund 2005A, LLC; Stamford Portfolio

Management, LLC and The Stamford Group, Inc. (the "Stamford Cross-Claim"), states as

follows:

## COUNTER-CLAIMS

## CLAIM 1 - BREACH OF CONTRACT

1.      The allegations contained in Paragraph 1 of the Stamford Counter-Claims are directed against a defendant other than Argyle and Dudzic.  To the extent an answer is required, Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2.      The allegations contained in Paragraph 2 of the Stamford Counter-Claims are directed against a defendant other than Argyle and Dudzic.  To the extent an answer is required, Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3.      The allegations contained in Paragraph 3 of the Stamford Counter-Claims are directed against a defendant other than Argyle and Dudzic.  To the extent an answer is required, Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4.      The allegations contained in Paragraph 4 of the Stamford Counter-Claims are directed against a defendant other than Argyle and Dudzic.  To the extent an answer is required, Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5.      The allegations contained in Paragraph 5 of the Stamford Counter-Claims are directed against a defendant other than Argyle and Dudzic.  To the extent an answer is required, Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6.      The allegations contained in Paragraph 6 of the Stamford Counter-Claims are directed against a defendant other than Argyle and Dudzic.  To the extent an answer is required, Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7.      The allegations contained in Paragraph 7 of the Stamford Counter-Claims are directed against a defendant other than Argyle and Dudzic.  To the extent an answer is required, Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8.      The allegations contained in Paragraph 8 of the Stamford Counter-Claims are directed against a defendant other than Argyle and Dudzic.  To the extent an answer is required, Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9.      The allegations contained in Paragraph 9 of the Stamford Counter-Claims are directed against a defendant other than Argyle and Dudzic.  To the extent an answer is required, Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10.      The allegations contained in Paragraph 10 of the Stamford Counter-Claims are directed against a defendant other than Argyle and Dudzic.  To the extent an answer is required, Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11.      The allegations contained in Paragraph 11 of the Stamford Counter-Claims are directed against a defendant other than Argyle and Dudzic.  To the extent an answer is required,

Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12.     The allegations contained in Paragraph 12 of the Stamford Counter-Claims are directed against a defendant other than Argyle and Dudzic.  To the extent an answer is required, Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13.     The allegations contained in Paragraph 13 of the Stamford Counter-Claims are directed against a defendant other than Argyle and Dudzic.  To the extent an answer is required, Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14.     The allegations contained in Paragraph 14 of the Stamford Counter-Claims are directed against a defendant other than Argyle and Dudzic.  To the extent an answer is required, Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15.     The allegations contained in Paragraph 15 of the Stamford Counter-Claims are directed against a defendant other than Argyle and Dudzic.  To the extent an answer is required, Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

## CLAIM 2 – UNJUST ENRICHMENT

16.     The allegations contained in Paragraph 16 of the Stamford Counter-Claims are directed against a defendant other than Argyle and Dudzic.  To the extent an answer is required, Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17.     The allegations contained in Paragraph 17 of the Stamford Counter-Claims are directed against a defendant other than Argyle and Dudzic. To the extent an answer is required, Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18.     The allegations contained in Paragraph 18 of the Stamford Counter-Claims are directed against a defendant other than Argyle and Dudzic. To the extent an answer is required, Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

## CROSS-CLAIMS

## COUNT 1 – EXPRESS CONTRACTUAL INDEMNITY

### (Against Eve-Lynn Gisonni)

19.     The allegations contained in Paragraph 19 of the Stamford Cross-Claims are directed against a defendant other than Argyle and Dudzic. To the extent an answer is required, Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20.     The allegations contained in Paragraph 20 of the Stamford Cross-Claims are directed against a defendant other than Argyle and Dudzic. To the extent an answer is required, Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21.     The allegations contained in Paragraph 21 of the Stamford Cross-Claims are directed against a defendant other than Argyle and Dudzic. To the extent an answer is required, Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22.     The allegations contained in Paragraph 22 of the Stamford Cross-Claims are directed against a defendant other than Argyle and Dudzic.  To the extent an answer is required, Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23.     The allegations contained in Paragraph 23 of the Stamford Cross-Claims are directed against a defendant other than Argyle and Dudzic.  To the extent an answer is required, Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

## COUNT II - INDEMNIFICATION AND CONTRIBUTION

**(Against Third Party Defendants Helen Gisonni, Eve-Lynn Gisonni, SBH Programs, LLC; SBH Financial; Frederick Schulman; International Partners for Life Corp., Argyle Equity, Inc.; Dudzic Law Firm, LLC; Zalman Silber; and Silber Family Foundation)**

24.     Argyle and Dudzic repeat their responses to Paragraphs 1–23 of the Stamford Cross-Claims as set forth in full herein.

25.     Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Stamford Cross-Claims.

26.     Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Stamford Cross-Claims.

27.     The allegations contained in Paragraph 27 of the Stamford Cross-Claim state a legal conclusion to which no responsive pleading is required.  To the extent an answer is required, Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Stamford Cross-Claims.

28.     Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Stamford Cross-Claims.

29.     Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Stamford Cross-Claims.

30.     Argyle and Dudzic admit that the Stamford defendants paid $99,825.00 to Argyle. Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30 of the Stamford Cross-Claims.

31.     Argyle and Dudzic admit that Argyle paid fees in connection with the purchase of the Irrevocable Assignment of Beneficial Interest in the Gisonni Trust to Dudzic.  Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the Stamford Cross-Claims.

32.     Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Stamford Cross-Claims.

33.     Argyle and Dudzic deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Stamford Cross-Claims.

34.     The allegations contained in Paragraph 34 of the Stamford Cross-Claim state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, Argyle and Dudzic deny the allegations as they pertain to Argyle and Dudzic, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the Stamford Cross-Claims.

## COUNT III - UNJUST ENRICHMENT

**(Against Third Party Defendants Helen Gisonni, Eve-Lynn Gisonni, SBH Programs, LLC; SBH Financial; Frederick Schulman; International Partners for Life Corp., Argyle Equity, Inc.; Dudzic Law Firm, LLC; Zalman Silber; and Silber Family Foundation)**

35.     Argyle and Dudzic repeat their responses to Paragraphs 1–34 of the Stamford Cross-Claims as though fully set forth herein.

36.     The allegations contained in Paragraph 36 of the Stamford Cross-Claim state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, Argyle and Dudzic deny the allegations of Paragraph 36 as they pertain to Argyle and Dudzic, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 of the Stamford Cross-Claims.

### COUNT IV – BREACH OF FIDUCIARY DUTY

**(Against defendants Argyle Equity, Inc. and Dudzic Law Firm, LLC)**

37.     Argyle and Dudzic repeat their responses to Paragraphs 1–36 of the Stamford Cross-Claims as set forth in full herein.

38.     The allegations contained in Paragraph 38 of the Stamford Cross-Claims state a legal conclusion to which no responsive pleading is required.  To the extent an answer is required,  Argyle and Dudzic deny the allegations in Paragraph 38 of the Stamford Cross-Claims.

39.     Argyle and Dudzic admit the allegations contained in Paragraph 39 of the Stamford Cross-Claims.

40.     The allegations contained in Paragraph 40 of the Stamford Cross-Claims state a legal conclusion to which no responsive pleading is required.  To the extent an answer is required, Argyle and Dudzic admit that Argyle acted as a broker to Stamford Fund, Stamford Portfolio, and Stamford Group.  Argyle and Dudzic deny the remaining allegations contained in Paragraph 40 of the Stamford Cross-Claims.

41.     The allegations contained in Paragraph 41 of the Stamford Cross-Claims state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, Argyle and Dudzic deny the allegations contained in Paragraph 41 of the Stamford Cross-Claims.

42.     The allegations contained in Paragraph 42 of the Stamford Cross-Claims state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, Argyle and Dudzic deny the allegations contained in Paragraph 42 of the Stamford Cross-Claims.

43.     The allegations contained in Paragraph 43 of the Stamford Cross-Claims state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, Argyle and Dudzic deny the allegations of Paragraph 43 of the Stamford Cross-Claims as they pertain to Argyle and Dudzic and deny knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 43 of the Stamford Cross-Claim.

44.     The allegations contained in Paragraph 44 of the Stamford Cross-Claims state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, Argyle and Dudzic deny the allegations contained in Paragraph 44 of the Stamford Cross-Claims.

45.     The allegations contained in Paragraph 45 of the Stamford Cross-Claims state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, Argyle and Dudzic deny the allegations contained Paragraph 45 of the Stamford Cross-Claims.

46.     The allegations contained in Paragraph 46 of the Stamford Cross-Claims state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, Argyle and Dudzic deny the allegations contained in Paragraph 46 of the Stamford Cross-Claims.

47.    The allegations contained in Paragraph 47 of the Stamford Cross-Claims state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, Argyle and Dudzic deny the allegations contained in Paragraph 47 of the Stamford Cross-Claims.

48.    The allegations contained in Paragraph 48 of the Stamford Cross-Claims state legal conclusions to which no responsive pleading is required.  To the extent an answer is required, Argyle and Dudzic deny the allegations contained in Paragraph 48 of the Stamford Cross-Claims.

## AFFIRMATIVE DEFENSES TO STAMFORD'S CROSS-CLAIMS AGAINST ARGYLE AND DUDZIC

### First Affirmative Defense

The Stamford Cross-Claims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Stamford Cross-Claims are barred, in whole or in part, by the applicable statue of limitations.

### Third Affirmative Defense

The Stamford Cross-Claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

### Fourth Affirmative Defense

The Stamford Cross-Claims are barred, in whole or in part, by the doctrine of unclean hands.

### Fifth Affirmative Defense

The Stamford Cross-Claims are barred, in whole or in part, by their failure to mitigate damages, if any.

### Sixth Affirmative Defense

Argyle and Dudzic hereby adopts and incorporates by reference any and all other defenses asserted, or that may hereafter be asserted, by any other defendant or third-party defendant, to the extent such defense may be applicable to Argyle and Dudzic.

### Seventh Affirmative Defense

Argyle and Dudzic reserve the right to amend these defenses and assert any further defenses to the full extent permitted by the Federal Rules of Civil Procedure.

DATED:  January 14, 2010

Respectfully submitted,

By: /s/ A. John P. Mancini

A. John P. Mancini
MAYER BROWN LLP
1675 Broadway
New York, NY 10019
Telephone:  (212) 506-2500
Facsimile:  (212) 849-5895

*Attorneys for Third Party Defendants Argyle Equity, Inc.
and Dudzic Law Firm, LLC*