# MAYER·BROWN

Mayer Brown LLP
1675 Broadway
New York, New York 10019-5820

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

October 8, 2010

**A. John P. Mancini**
Direct Tel +1 212 506 2295
Direct Fax +1 212 849 5895
jmancini@mayerbrown.com

**BY FACSIMILE**

The Honorable William D. Wall
United States Magistrate Judge
United States District Court for the Eastern
District of New York
Alfonse M. D'Amato United States Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re:   *The Lincoln Life & Annuity Company of New York
      v. Moran, et al.*, Case No. 08-699

Dear Judge Wall:

    We represent Third-Party Defendants Argyle Equity, Inc. ("Argyle") and Dudzic Law Firm, LLC ("Dudzic") in the above-referenced matter. We write pursuant to the Court's Order dated July 9, 2010 to inform the Court of Argyle's and Dudzic's positions in this case.

    As explained at the July 9, 2010 status conference, Argyle and Dudzic reached a settlement in the above-referenced matter with Defendant Thomas Moran, Court Appointed Receiver for Lydia Capital ("Moran"). This settlement was approved by the United States District Court for Massachusetts on May 16, 2010. Accordingly, Moran has no further claims against Argyle or Dudzic.

    The only remaining claims relating to Argyle and Dudzic are those between them and Stamford Institutional Fund 2005A LLC, Stamford Portfolio Management, LLC, and The Stamford Group, Inc. (collectively, "Stamford"). In December 2009, we spoke with counsel for Stamford and proposed that the parties execute mutual stipulations of dismissal without prejudice, such that the parties could avoid the cost and expense of unnecessary litigation at this juncture, yet would have the opportunity to revive their claims should they find it necessary in the future. Counsel for Stamford agreed to this disposition, and advised that she simply needed to confirm this course of action with her client. After we followed up on several occasions, counsel for Stamford finally informed us that Stamford *would not* go through with the proposed resolution, taking the position that it would not settle with Argyle and Dudzic until it had settled with Moran—a condition that had never previously been imposed in the course of our many conversations with counsel for Stamford.

Mayer Brown LLP operates in combination with our associated English limited liability partnership
and Hong Kong partnership (and its associated entities in Asia) and is associated with Tauil & Chequer Advogados, a Brazilian law partnership.

The Honorable William D. Wall
October 8, 2010
Page 2

      Stamford's refusal to reach a consensual resolution is especially puzzling in light of the fact that the escrow agreement Stamford entered into with Dudzic Law provides that Stamford must indemnify Dudzic for any potential liability (including Dudzic's reasonable attorneys' fees and expenses) that may result from misrepresentations or inaccurate information contained in the documents signed in connection with the policies underlying the escrow agreement.

      We have reached out to counsel for Stamford on several occasions in the days leading up to this submission in an effort to finally resolve this matter, unfortunately to no avail. As stated at the July 9, 2010 status conference, Argyle and Dudzic request that this Court order Stamford to follow through on its promise to execute mutual stipulations of dismissal without prejudice, so that Argyle and Dudzic are not forced to continue to incur unnecessary legal fees relating to Stamford's bogus claims. In the alternative, we ask that the Court set a short schedule for a motion for judgment on the pleadings so that Argyle and Dudzic may promptly dispose of any such claims.

      Respectfully submitted,

*[signature]*

A. John P. Mancini